UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CLIFFORD G. TULLOCH, | **DECISION AND ORDER** |
| | **Civil Case** |
| Movant, | **No. 1:16-cv-00519-MAT** |
| -vs- | **Criminal Case**<br>**No. 1:09-cr-00397-MAT** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

## I. Introduction

Clifford G. Tulloch ("Tulloch" or "Movant"), represented by counsel, filed a Motion to Correct Sentence (Dkt #51) pursuant to 28 U.S.C. § 2255 ("the Section 2255 Motion"). Tulloch asserts that his sentence is unconstitutional based on Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson").

## II. Factual Background and Procedural History

On March 17, 2010, Tulloch pled guilty to count one of an indictment, charging him with possession of a firearm as a felon, in violation of 21 U.S.C. § 922(g)(1). Tulloch was sentenced on July 7, 2010 (Dkt #42), to a term of 96 months' imprisonment. The Court (Skretny, D.J.) adopted the presentence investigation report (Dkt #44) finding that Tulloch was subject to the heightened base offense level set forth in United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2K2.1(a)(4)(A) because he had sustained a previous conviction for a "crime of violence."

Specifically, Tulloch had a prior New York conviction for attempted second-degree burglary, which qualified as a "crime of violence" as defined by U.S.S.G. § 4B1.2(a). Judgment was entered on July 13, 2010 (Dkt #46).

In his Section 2255 Motion (Dkt #51) filed on June 24, 2016, Tulloch argues that in light of the Supreme Court's decision in Johnson, his prior conviction no longer qualifies as a "crime of violence." Therefore, Tulloch contends, there is no basis for the enhanced base offense level in U.S.S.G. § 2K2.1(a)(4)(A) because Respondent opposed the Section 2255 Motion, and Tulloch, through counsel, filed a reply.

On August 14, 2017, the Federal Public Defender ("FPD"), filed a Motion to Withdraw (Dkt #67) as Tulloch's counsel.

Respondent subsequently filed a Motion to Dismiss (Dkt #69) the Section 2255 Motion based on the Supreme Court's March 6, 2017 decision in Beckles v. United States, ___ S. Ct. ____, 2017 WL 855781 (2017). Respondent also filed a Response (Dkt #71) to the FPD's Motion to Withdraw indicating that it did not oppose the motion. Tulloch did not file papers in opposition to the FPD's Motion to Withdraw or Respondent's Motion to Dismiss.

For the reasons discussed below, Tulloch's Section 2255 Motion is dismissed.

## III. Discussion

As a threshold matter, the Court must determine whether Tulloch's motion to vacate is timely under 28 U.S.C. § 2255(f), which sets forth a one-year statute of limitations. Specifically, a "movant must file within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is recognized initially by the Supreme Court, if it has been made available retroactively to cases on collateral review; or (4) when the facts supporting a claim could have been discovered through the exercise of due diligence." Aiken v. United States, No. 06 CR 479 JFK, 2013 WL 4457372, at *1 (S.D.N.Y. Aug. 20, 2013) (citing 28 U.S.C. § 2255(f)(1)-(4)). Here, the only two subsections that could possibly apply to Tulloch's case are subsection (1) or subsection (4).

For purposes of Section 2255(f)(1), it is well established that "'a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction . . . [i.e.,] 90 days after entry of the Court of Appeals' judgment.'" Clay v. United States, 537 U.S. 522, 525 (2003); see also 28 U.S.C. § 2101(c); S. CT. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it

is filed with the Clerk of this Court within 90 days after entry of the judgment.").

Here, however, Tulloch did not appeal his conviction. The Second Circuit has held that, "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (collecting circuit authority).

Tulloch's judgment of conviction was entered on Tuesday, July 13, 2010. Under Federal Rule of Appellate Procedure ("F.R.A.P.") 4(b), a defendant's notice of appeal from a judgment of conviction must be filed within ten (10) days. Pursuant to F.R.A.P. 26(a)(2), as amended effective December 1, 2002 and as currently enacted, the time for filing a notice of appeal is computed by excluding intermediate Saturdays, Sundays, and legal holidays. Moshier, 402 F.3d at 118 n. 1. Therefore, Tulloch's conviction became final for purposes of Section 2255(f)(1) on Tuesday, July 27, 2010, the date on which his time to file a direct appeal expired. Tulloch filed Section 2255 motion on June 24, 2016, nearly six years after his conviction became final, his motion was untimely under Section 2255(f)(1).

Tulloch cannot avail himself of the later start date in 28 U.S.C. § 2255(f)(3). In order to fall within the limitations period of Section 2255(f)(3), Tulloch must show that application of Johnson to Guidelines claims on collateral review "has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). In Beckles, however, the Supreme Court held that the Guidelines are not subject to vagueness challenges under the Due Process Clause of the United States Constitution and, therefore, U.S.S.G. § 4B1.2(a)(2)'s residual clause is not void for vagueness. In other words, the Supreme Court held that Johnson is not applicable to Guidelines challenges at all, let alone Guidelines challenges on collateral review. Therefore, Tulloch cannot avail himself of Section 2255(f)(3)'s later start date of the statute of limitations. Tulloch's Section 2255 Motion is untimely on its face.

In certain situations, Section 2255 movants are entitled to equitable tolling of the limitations deadline. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). A defendant must satisfy the following two elements: First, he must show that he exercised "reasonable diligence" during the limitations period, and second, that "extraordinary circumstances" prevented him from timely filing. Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). Here, Tulloch was not prevented by "extraordinary circumstances" from timely filing; rather, he elected to file the instant proceeding only after learning of Supreme Court's potentially favorable Johnson decision. As there is no basis for applying equitable tolling to limitations period in this case, and Tulloch's Section 2255 Motion is untimely, it must be dismissed.

## IV. Conclusion

For the reasons discussed above, Respondent's Motion to Dismiss (Dkt #69) is **granted,** and the Section 2255 Motion (Dkt #51) filed by Clifford G. Tulloch is **dismissed as untimely.** Because jurists of reason would not find it debatable whether this Court was correct in its procedural ruling and because the Section 2255 Motion does not involve constitutional claims that would be debatable to jurists of reason, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); see also Matias v. Artuz, 8 Fed. Appx. 9, 11, 2001 WL 300543, at **3 (2d Cir. Mar. 27, 2001) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The FPD's unopposed Motion to Withdraw as Counsel for Tulloch (Dkt #67) is **granted.**

The Clerk of Court is directed to close Civil Case No. 1:16-cv-00519-MAT.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: August 18, 2017
Rochester, New York.